Emmeline LEWIS

v.

Thomas M. SPENCER et al.

Civ. A. No. 69–H–797.

United States District Court,
S. D. Texas,
Houston Division.

June 6, 1973.

Walker, Strahan, Brunson & Watts, Larry Watts, Houston, Tex., for plaintiff.

Vinson, Elkins, Searls, Connally & Smith, B. Jeff Crane, Jr., Houston, Tex., and Baskin, Fakes & Stanton, Stanley D Baskin, Pasadena, Tex., for defendants.

MEMORANDUM:

CONNALLY, Chief Judge.

This is an action by Mrs. Emmeline Lewis, a married woman and formerly a teacher in the Biology Department of the defendant College, seeking by injunction and declaratory judgment to secure her reinstatement as a member of the faculty, and seeking damages for what she alleges was her wrongful discharge. The matter was before the Court heretofore on defendants' motion for summary judgment. At that time, entertaining the view from affidavits and depositions that the plaintiff had no tenure nor the substantial equivalent thereof, and of the view that the defendant College thus was able to contract with her for her services or not as it desired, the defendants' motion for summary judgment was granted.

By amended pleadings and contentions tendered in the District Court thereafter, and of which the Court of Appeals took cognizance, certain additional issues were raised. By opinion of August 21, 1972 (Lewis v. Spencer, 5 Cir., 468 F.2d 553), the matter was remanded by the Court of Appeals to this Court.

It was the mandate of the Court of Appeals, as I interpret same, that this Court pass upon the question as to whether in declining to renew the plaintiff's contract of employment, the Board of Regents of the defendant College was acting in retaliation or spite, by reason of the plaintiff's having appeared before the Texas Legislature on May 12, 1969, in support of a teacher tenure bill then pending before that body; or, similarly, whether the action was by way of retaliation by reason of the plaintiff's participation on or about May 16, 1969 and thereafter in the organization of a local chapter of the National Faculty Association. In reaching decision on the retaliation issue, this Court is further required to consider the possible evidentiary effect of the Board's failure to include a recognition of plaintiff's peculiar interest (through such devices as a grandfather clause or prospective application) in adopting and applying what would otherwise be a constitutionally valid policy. Additionally, it was the mandate of the Court that the evidence which was considered to be undisputed in consideration of the motion for summary judgment should not necessarily be accepted as such, if in fact there was evidence to the contrary. Pursuant thereto, a full hearing and trial of all the issues was had May 21, 1973.

The basic facts are as set out by the Court of Appeals, and remain undisputed.[1] Summarized, they are as follows. In June 1968 the plaintiff and her present husband were married. Prior to that time each had been employed, as an unmarried person[2] in the Biology Department of the defendant College. At that time each previously had contracted with the College as a teacher for the school year 1968–69.

On March 7, 1969, the plaintiff was advised by the President of the College that it was expected that a policy soon would be adopted prohibiting a husband and wife from teaching *in the same department*. By reason of the fact that the plaintiff, recognized as a competent Biology teacher whose qualifications are not here in issue, then was teaching one course in Psychology, and with additional studies to be taken in the summer of 1969 might qualify as a full-time instructor in that subject as well, it was suggested that she make plans to be assigned in the Psychology Department the following year, and to acquire the necessary semester hours in the summer of 1969. This would assure that both she and her husband might remain as full-time teachers with the College.[3] Shortly thereafter the plaintiff was advised that the Board of Regents had in fact formally adopted the policy.

This was not to the plaintiff's liking. While she acknowledged the validity of such policy and the power of the Board to adopt same, she did not wish that it be applied to her, as she and her husband were the only married couple then teaching in the same department and to which the new rule at that time would apply.[4] She requested and was granted a hearing before the Board and stated her position. She discussed the matter informally with the President and the senior members of the Board. An effort was made as a stopgap measure to permit her to teach on a "split assignment" partly in Biology and partly in Psychology. This was not accepted by the plaintiff, and sometime thereafter this offer was withdrawn. She was advised that the initial offer of the Board (to the effect that she acquire the additional hours necessary during the summer in Psychology, and in the following year be assigned to that department) was still available to her, but that a prompt reply was necessary. When the plaintiff failed to accept the offer after notice of its termination date, the offer was withdrawn and she was not thereafter employed.

With respect to the new issues, it appears that on short notice the plaintiff was requested by her associates and friends to appear before the Texas Legislature, and she did so on May 12 as a witness in support of teacher tenure legislation.

Both she and her husband, as well as many other faculty members of the defendant College, had been members of the National Faculty Association prior to 1969, although this organization had no chapter on the San Jacinto campus. She concedes that the College did not discourage membership in the National Faculty Association while she was employed there. In mid-May she and her husband, with other faculty members, were instrumental in organizing a local chapter.

1. For this reason, the Court of Appeals' application of Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and Cafeteria Workers v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961), to the due process issues on these facts remains the law of the case and is not considered on remand.

2. Plaintiff's former husband, from whom she was divorced shortly before, had not been employed by the College.

3. The plaintiff's husband had no such dual competence. He was qualified only in Biology.

4. Plaintiff's position in this respect is not entirely accurate. Another couple, Mr. and Mrs. Knox, had taught in the Mathematics Department. However, each elected to go elsewhere and thus did not run afoul of the rule.

With respect to the question as to whether the Board's activity was in retaliation of the conduct mentioned above, I find that such was not the case. While both the President and at least one of the Regents became aware of plaintiff's appearance before the Legislature, and of her organizational activities in favor of the National Faculty Association chapter in May, there is no evidence that she or any other teacher was instructed, warned, or directed not to participate in activities of this nature. The April offer of employment, subject to reassignment to the Psychology Department, was made before either of plaintiff's extracurricular actions in May was undertaken. The terms of that April offer were reaffirmed by the Board in June and July before finally being withdrawn. Implicit in all the correspondence' and discussions between plaintiff and the Board is the theme that the Board was hopeful that plaintiff would see her way clear to recede from her adamant position, and continue to teach. There is no evidence to suggest any retaliatory motive.

Plaintiff has undertaken to show (apparently in reliance upon the next to last paragraph of the Court of Appeals' opinion) that the result was discriminatory as to her, and cites the cases of other married couples employed by the College. The evidence shows without dispute, however, that in no instances are the husband and wife employed in the same department. The closest approximation to which the plaintiff is able to point is the fact that a father and son are both employed in maintenance duties by the College.

I find that the Board's action was not retaliatory; that on the contrary, the plaintiff was treated with fairness and consideration in every particular, consistent with the new policy which the Board was authorized to, and did, adopt; that the Board in good faith urged plaintiff to take the steps necessary to continue her employment, but that she failed to do so because she had made other plans for the summer, namely, to take additional work in Biology, and she did not wish to abandon such plans. While it is her testimony on the trial that by July when the negotiations were terminated it was too late for her to secure the necessary courses in Psychology, it also appears that she was first advised of this situation in early March and was aware of the Board's position from day to day thereafter. I find that the choice was hers, and she elected not to follow the avenues recommended by the Board for her continued employment, and may not now hold the defendant responsible by reason of that choice.

It follows that the plaintiff is not entitled to recover. The foregoing is adopted as findings of fact and conclusions of law.